IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-50895
Summary Calendar

MARGARET A. MEREDITH,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-536-SS
- - - - - - - - - -
April 22, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Margaret A. Meredith appeals the district court's affirmance of the Social Security Commissioner's decision to deny her disability insurance benefits and Supplemental Security Income under the Social Security Act.

Meredith contends that the Commissioner's decision was not supported by "substantial evidence," in that the Administrative Law Judge ("ALJ") failed to consider that impairments to her feet, knees, hips, and shoulders precluded her from performing the "full

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

range of light work." She also contends that the ALJ erred in determining that she did not have an impairment or combination of impairments that met or equaled any of the Commissioner's listings of impairments at 20 C.F.R., App. 1, Subpt. P, Regulations No. 4. We review the ALJ's decision to deny benefits by determining (1) whether the ALJ applied the correct legal standards and (2) whether his decision is supported by substantial evidence. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994).

Meredith's contention that she could not perform light work, because of impairments to her feet, knees, and hips, was not supported by "medically acceptable clinical laboratory diagnostic techniques." See Greenspan, 38 F.3d at 237. The same is true of her claim that she met one of the impairment listings in the Commissioner's regulations. See id. No examining physician explicitly stated that Meredith's exertional limitations were such that she could not perform "light" work. See 20 C.F.R. § 404.1567(b). Although her treating physician, internist Dr. Hans Haydon, indicated that she met one of the impairment listings, the X-ray evidence to which Dr. Haydon referred purportedly included only negative findings or showed only "minor" or "minimal" degenerative changes in her joints.

AFFIRMED.